## COMMONWEALTH *vs.* THOMAS HUGHES.

⸫ evidence tending to support an indictment is introduced, and submitted to the jury undei proper instructions as to the rule of law, the question of the sufficiency of the evidence cannot be raised on a bill of exceptions.

INDICTMENT under Gen. Sts. *c.* 87, § 6, charging the defendant with keeping a tenement used for the illegal keeping and illegal sale of intoxicating liquors. At the trial in the superior court, the defendant requested the court to instruct the jury that the evidence which had been introduced as tending to support the indictment was insufficient for that purpose; but *Rockwell*, J. declined so to rule, and submitted the same to the jury, who returned a verdict of guilty. The defendant alleged exceptions.

*J. Brown*, for the defendant.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. The proceeding of the court in submitting the case to the jury upon the evidence adduced upon the trial, and in declining to rule that it was insufficient to sustain the indictment, was perfectly correct. Being exclusively the judges upon all questions of fact, it is a necessary consequence that the consideration of the evidence offered in support of any allegation,

the effect which ought to be given to, and the inferences which can properly be deduced from it, as well as the ascertainment of the purport and meaning of the testimony of witnesses, and of the words and phrases in which it is expressed, are within their peculiar province. It is only when there is no controversy between the parties in relation to the facts material to the issue to be determined, that the court can properly be requested to rule upon their legal effect. In this case, the alleged facts that the defendant kept a tenement, and kept it for an illegal purpose, were the very matters in dispute; and therefore until this issue, and the evidence bearing upon it, should first be passed on by the jury, no question of law in relation to it could arise to be determined by the court. If, after rendition of the verdict against him, the defendant considered this result to be against the evidence or the weight of it, and he desired to be relieved from its effect, his proper course would have been to submit a motion to the court for that cause to set it aside. *Commonwealth* v. *Gillon, ante,* 505. Upon such a motion, the decision of the court in which the verdict was rendered is not open to exception, but is final and conclusive. Upon the sufficiency of the evidence to support the indictment we therefore express no opinion. *Exceptions overruled.*